IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNIE Y. GRIFFIN and
FREDERICK GRIFFIN                                                                PLAINTIFFS

v.                                                      CIVIL ACTION NO. 3:14-cv-00022-GHD-JMV

ABN AMRO MORTGAGE GROUP, INC.,
its affiliates, heirs, and assigns; MORRIS &
ASSOCIATES; EMILY K. COURTEAU,
individually and in her capacity as substituted
trustee on the deed of trust; CITIMORTGAGE, INC.
as successor in interest to ABN; ABC COMPANIES;
and JOHN DOES 1–10                                                               DEFENDANTS

## MEMORANDUM OPINION DENYING MOTION TO REASSIGN RELATED CASE FILED BY DEFENDANTS ABN AMRO MORTGAGE GROUP, INC. AND CITIMORTGAGE, INC.

Presently before the Court is a motion to reassign related case [19] filed by Defendants ABN AMRO Mortgage Group, Inc. and CitiMortgage, Inc. ("ABN" and "CitiMortgage"). Plaintiffs Annie Y. Griffin and Frederick Griffin ("Plaintiffs") have filed a response in opposition to the motion. ABN and CitiMortgage have not filed a reply. Upon due consideration, the Court finds that the motion should be denied.

ABN and CitiMortgage contend that this case should be reassigned to the Chief United States District Court Judge for the Northern District of Mississippi, Judge Michael P. Mills, because the claims in this action are "substantially identical" to those brought by these same plaintiffs against the exact same defendants in a case that was assigned to Judge Mills, Civil Action Number 2:08-cv-00001-MPM-SAA. Judge Mills dismissed that case for failure to prosecute on May 23, 2012. ABN and CitiMortgage assert because Judge Mills is familiar with the facts and circumstances of both this case and the previous case, this case should be reassigned to Judge Mills. The motion to reassign is unaccompanied by any legal authority to

support ABN's and CitiMortgage's position. Plaintiffs argue in response that the motion should be dismissed because a motion for remand is pending before this Court in this case and because there is no legal support for the motion.

Title 28, United States Code Section 144 provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The circumstances requiring disqualification of a judge are set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

2

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; [or]

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

  (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

  (ii) Is acting as a lawyer in the proceeding;

  (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; [or]

  (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

"A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Henderson v. Dep't of Pub. Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citing *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S. Ct. 1685, 48 L. Ed. 2d 188 (1976)).

In the case *sub judice*, ABN and CitiMortgage have not submitted an affidavit. Even if the Court were to construe their motion to reassign related cases as a properly filed affidavit, ABN and CitiMortgage have failed to show a valid basis for recusal under 28 U.S.C. §§ 144 and 455. Even mere disagreement with a ruling is "almost always insufficient to show bias or prejudice justifying removal." *See Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). In this case, the undersigned has not yet issued a ruling.

For all the foregoing reasons, the Court finds that the motion to reassign related case [19] filed by Defendants ABN AMRO Mortgage Group, Inc. and CitiMortgage, Inc. is not well taken and shall be DENIED.

An order in accordance with this opinion shall issue this day.

It is SO ORDERED, this, the 17th day of March, 2014.

_____
SENIOR JUDGE