IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNIE Y. GRIFFIN and
FREDERICK GRIFFIN                                                                                    PLAINTIFFS

v.                                                               CIVIL ACTION NO. 3:14-cv-00022-GHD-JMV

ABN AMRO MORTGAGE GROUP, INC.,
its affiliates, heirs, and assigns; MORRIS &
ASSOCIATES; EMILY K. COURTEAU,
individually and in her capacity as substituted
trustee on the deed of trust; CITIMORTGAGE, INC.
as successor in interest to ABN; ABC COMPANIES;
and JOHN DOES 1–10                                                                                   DEFENDANTS

<u>MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION FOR REMAND</u>

Presently before the Court is Plaintiffs' motion for remand [7]. Plaintiffs argue remand is appropriate on two purported grounds: (1) the removal procedure itself was defective; and (2) Defendants are using removal for purely strategic advantage, because diversity jurisdiction is not established. Upon due consideration and for the reasons stated below, the Court finds that the case must be remanded due to lack of diversity jurisdiction.

**(1) Removal Procedure**

As an initial matter, the Court finds that the removal procedure itself was not defective. Plaintiffs argue that Defendants ABN AMRO Mortgage Group, Inc. and CitiMortgage, Inc. failed to properly join in the notice of removal within 30 days of service of process, pursuant to 28 U.S.C. § 1446(b). Plaintiffs further argue that Defendants Emily K. Courteau and Morris & Associates had no authority to act on behalf of Defendants ABN AMRO Mortgage Group, Inc. and CitiMortgage, Inc. at the time the notice of removal was filed.

A case may be remanded upon a motion filed within 30 days after the filing of the notice of removal on any defect except subject-matter jurisdiction, which can be raised at any time by

1

any party or *sua sponte* by the district court. *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.*, 328 F. App'x 946, 947 (5th Cir. 2009). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. 28 U.S.C. § 1446(b)(2)(A); *see Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011) (per curiam) (citing *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002)). "[F]ailure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *see Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 & n. 3 (5th Cir. 1981). Based on a 2011 amendment to 28 U.S.C. § 1446 adopting the last-served defendant rule, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

In this case, Plaintiffs filed their complaint [2] in the Chancery Court of Desoto County, Mississippi on January 2, 2014. It is undisputed that Defendants ABN AMRO Mortgage Group, Inc. and CitiMortgage, Inc. were both served with process on January 9, 2014. *See* Proof of Service [7-2]–[7-4]. On February 4, 2014, Defendants Morris & Associates and Emily K. Courteau filed the notice of removal [1] on the basis of diversity jurisdiction. Subsequently, six days later, on February 10, 2014, Defendants ABN AMRO Mortgage Group, Inc. and CitiMortgage, Inc. filed their consent [6] to the notice of removal. Therefore, as Defendants urge, pursuant to the last-served defendant rule, Defendants' 30-day deadline to remove this matter was February 10, 2014, the date the consent to removal was filed. All Defendants either removed or indicated their consent to removal within the 30-day period that commenced on January 9, 2014. Accordingly, Plaintiffs' argument in this respect is without merit, and the Court finds that remand is not warranted on this ground. However, as stated below, the case must be remanded because the removing Defendants have failed to establish diversity jurisdiction.

### (2) Diversity Jurisdiction

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Thus, Defendants can remove the action to this Court on the basis of diversity jurisdiction if this Court would have had original jurisdiction over the action. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1441(a)). Defendants, as the removing party seeking to invoke federal diversity jurisdiction, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

District courts must be assured of their own jurisdiction, and it is proper for a court to challenge its subject-matter jurisdiction *sua sponte*. *See Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

#### a. Diversity of Citizenship

Removing defendants who seek to establish diversity jurisdiction must "distinctly and affirmatively allege[]" each party's citizenship and show that the plaintiff and defendant are citizens of different states. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804–05 (5th Cir. 1991) (citations omitted). "[C]itizenship requires residency and the intent to return or remain in the

state." *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 804, 815 (5th Cir. 2007) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 104 L. Ed. 2d 29 (1989); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "A United States citizen who is domiciled in a state is a citizen of that state." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). For the citizenship of corporations, under 28 U.S.C. § 1332(c), the removing party must identify the state of incorporation and the principal place of business. *Nadler v. Am. Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985). "[W]hen jurisdiction depends upon diverse citizenship[,] the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs. of the Ohio State Univ.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904) (citations omitted).

Defendants maintain in their notice of removal that Plaintiffs are citizens of Mississippi and that Defendant Morris & Associates is a sole proprietorship "domiciled in Louisiana," statements also made in Plaintiffs' complaint. *See* Defs.' Notice of Removal [1] at 1; Pls.' Compl. [2] ¶¶ 3–4, 7. Defendants have sufficiently alleged the citizenship of these parties for diversity jurisdiction.

Defendants further maintain in their notice of removal that Defendant Emily K. Courteau is "an adult domiciliary resident" of Louisiana. *See* Defs.' Notice of Removal [1] at 1. Plaintiffs argue that remand is proper because Defendant Emily K. Courteau is "subject to the jurisdiction of the Chancery Court of Desoto County[,] Mississippi[,] pursuant to Mississippi's Long Arm Statute." Pls.' Mot. Remand [7] at 4. Plaintiffs further maintain that Defendant Emily K. Courteau is a "non-resident defendant doing business in Mississippi" and "as such, that there is no diversity jurisdiction." *See* Pls.' Reply Supp. Mot. Remand [22] at 1. Defendants Morris &

4

Associates and Emily K. Courteau attach to their joinder [18] in response to the remand motion an affidavit of Sean A. Southern, who attests that Defendant Emily K. Courteau "is an adult resident citizen of the State of Louisiana, residing in Monroe, Louisiana," who occasionally may travel to Mississippi on business, but intends to return to Louisiana and remain there. *See* Southern Aff. [18-1] at 1.

The Court finds that Plaintiffs' argument that Defendant Emily K. Courteau is not completely diverse from Plaintiffs is unavailing. First, Plaintiffs' statement that Defendant Emily K. Courteau is a "non-resident defendant" is not in conflict with Defendants' assertions that Defendant Emily K. Courteau is "an adult domicilary resident of Louisiana" and "adult resident citizen of the State of Louisiana, residing in Monroe, Louisiana," and does not constitute a challenge to Defendant Emily K. Courteau's citizenship. For purposes of determining diversity jurisdiction, "[a] United States citizen who is domiciled in a state is a citizen of that state." *Coury*, 85 F.3d at 249. "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .'" *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (quoting *Stine*, 213 F.2d at 448). "[T]he place of residence is prima facie the domicile; and citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Stine*, 213 F.2d at 448. To overcome this presumption requires a demonstration of "both (1) residence in a new state, and (2) an intention to remain in that state indefinitely." *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003) (citing *Coury*, 85 F.3d at 250). Plaintiffs have failed to demonstrate either. Plaintiffs' statements that Defendant Emily K. Courteau is "doing business in Mississippi" go to personal jurisdiction, not subject-matter

jurisdiction over the action. *See, e.g., Nadler*, 764 F.2d at 414. Defendants have sufficiently alleged the citizenship of Defendant Emily K. Courteau for diversity jurisdiction.

However, Defendants have failed to sufficiently allege the citizenship of Defendant CitiMortgage, Inc., despite ample opportunity to do so in the notice of removal, joinder to the notice of removal, response to motion for remand, and joinder to that response. Defendants maintain in their notice of removal that Defendant CitiMortgage, Inc., which purchased and absorbed Defendant ABN AMRO Mortgage Group, Inc. prior to this lawsuit, is "a foreign corporation domiciled in the State of New York." Defs.' Notice of Removal [1] at 1. Similarly, Plaintiffs allege in their complaint that Defendant CitiMortgage, Inc. is "a foreign corporation." Pls.' Compl. [2] ¶ 6. As stated above, a party invoking diversity jurisdiction with respect to a corporation must allege both the state of incorporation and the principal place of business. *See* 28 U.S.C. § 1332(c)(1). The Fifth Circuit "ha[s] stated repeatedly that when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp.*, 841 F.2d at 1259 (quotation marks and citations omitted). The United States Supreme Court has stated: "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," otherwise known as the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). Here, the removing Defendants fail to identify both the state in which Defendant CitiMortgage, Inc. was incorporated and its principal place of business. *See, e.g., Menard v. Midwest Med. Supply Co.*, No. 6:11–cv–01517, 2012 WL 1429225, at *1 (W.D. La. Apr. 17, 2012) (allegations that corporation was "domiciled" in a state with its "principal office" in a state failed to establish citizenship for purposes of diversity jurisdiction); *Evans v. Family Dollar Store*, No. Civ. A. 05-1517, 2006 WL 220841, at *1 (W.D. La. 2006) ("statement

that the corporation is 'domiciled' in that state is not sufficiently precise to assure diversity"). The allegations in the notice of removal and in Plaintiffs' complaint clearly fail to identify Defendant CitiMortgage, Inc.'s state of incorporation and principal place of business. Even taking into account the entire record, including such filings as the corporate disclosure statement [17] of Defendant CitiMortgage, Inc. which indicates that it is a "New York corporation," fails to reveal any mention of Defendant CitiMortgage, Inc.'s principal place of business.[1] "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) (citations omitted). The Fifth Circuit requires strict adherence to these straightforward rules. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *Getty Oil Corp.*, 841 F.2d at 1259. The requirements of the diversity statute must be met for each defendant for complete diversity to be established. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). Because Defendants have failed to demonstrate the citizenship of Defendant CitiMortgage, Inc., Defendants have failed to show complete diversity of citizenship. Thus, remand is warranted on this basis.

### b. Amount in Controversy

Removing defendants who seek to establish diversity jurisdiction must also allege that the jurisdictional amount in controversy is met, that is, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" *See* 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*,

---

[1] The Court notes that the related case styled *Frederick Griffin et al. v. ABN AMRO Mortgage Group Inc. et al.*, No. 2:08-cv-1, also does not appear to contain any filings establishing the citizenship of CitiMortgage, Inc., likely because that case involved a federal question; because that case invoked federal question jurisdiction, it was not necessary to allege the citizenship of the parties.

233 F.3d 880, 883 (5th Cir. 2000). If a defendant establishes "by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount," a plaintiff may defeat removal only by establishing to a legal certainty that his or her recovery will not exceed the statutory threshold. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (quotation marks and citation omitted).

Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). The complaint in the case *sub judice* "concerns a disputed amount totaling more than $32,000.00," Pls.' Compl. [2] ¶ 39, and Plaintiffs seek to recover "unliquidated damages proximately caused" by Defendants' alleged negligence, *id.* ¶ 47; punitive damages, *id* ¶ 58; and equitable relief, *id.* at 11.[2] As in the case *sub judice*, " '[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount"; in this analysis, the Court may rely on "summary judgment-type" evidence to determine the amount in controversy. *See Garcia*, 351 F.3d at 638–39 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)); *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (citations omitted).

Defendants state in their notice of removal that "the amount in controversy exceeds $75,000.00." *See* Defs.' Notice of Removal [1] at 1. However, aside from that single conclusory statement, Defendants have presented no argument or summary judgment-type evidence to support that the amount in controversy exceeds the jurisdictional threshold. Defendants have

---

[2] Plaintiffs also seek attorney's fees and costs, neither of which are considered in the jurisdictional amount-in-controversy analysis. *See* 28 U.S.C. § 1332(a).

8

failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Thus, remand is warranted on this basis, as well.

## Conclusion

For all of the foregoing reasons, Plaintiffs' motion to remand [7] is GRANTED for lack of diversity jurisdiction; the matter is REMANDED to the Chancery Court of Desoto County, Mississippi; and this case is CLOSED.

An order in accordance with this opinion shall issue this day.

THIS, the 29nd day of August, 2014.

_____
SENIOR JUDGE